FOND DU LAC LAND COMPANY, Respondent, vs. MEIKLE-
JOHN, imp., Appellant.

*May 15—May 29, 1903.*

Deeds: *Mutual mistake in description: Cancellation: Quieting title:
Purchaser with notice.*

Land, already fenced, was conveyed to S. and B., but the descrip-
tion, by mutual mistake, failed to include a certain strip.
Thereafter B. conveyed by the same description to S., who di-
rected a surveyor to plat the same. The plat was made accord-
ing to the descriptions in the deeds, after which S. conveyed
the property, exclusive of the strip but intending to include it,
to plaintiff. Thereafter defendant discovered that the strip was
not included in these deeds, and induced the original grantee
to convey the strip to S. and B., and purchased the strip from
S. and B., being notified by S. that he must take it at the peril
of any rights of plaintiff. Thereafter S. and B. quitclaimed to
plaintiff, who brought action against defendant to reform the
prior conveyances and compel cancellation of defendant's deed.
*Held,* that defendant was not an innocent purchaser, but took
with notice of the mutual mistake, and plaintiff was therefore
entitled to complete cancellation of any claim or right in de-
fendant.

APPEAL from a judgment of the circuit court for Fond du
Lac county: MICHAEL KIRWAN, Circuit Judge. *Affirmed.*

On and prior to September 16, 1899, one Prefontaine was
in ownership and occupation of a farm inclosed by a substan-
tial fence, containing about thirty-nine and one half acres of
land, which consisted of the southeast quarter of the south-
east quarter of section 32, except about four acres out of the
northeast corner thereof, and also of a strip about 109 feet
wide across the east side of the southwest quarter of the
southeast quarter of the same section. That particular parcel
was the result of several prior conveyances of parcels of the
two government forties mentioned, which rendered the loca-
tion of the west line somewhat confused upon an abstract.
In the year mentioned Prefontaine sold that farm to the de-

fendants Hattie B. Sackett and Timothy Brennan, and made conveyance thereof by a deed, which, through mutual mistake of all parties, failed to include the 109-foot strip in the southwest of the southeast, the description adopted being all of the southeast quarter of the southeast quarter, except a triangular piece north and east of the highway across the northeast corner thereof. Thereafter, on the 29th day of October, 1899, Brennan quitclaimed to Mrs. Sackett his interest in said farm by a deed following the former in description, and by mutual mistake supposed to convey the whole. Shortly thereafter Mrs. Sackett caused to be made a plat known as "H. B. Sackett's Addition to North Fond du Lac," directing the surveyors to make a plat according to her deed. They acted accordingly, taking as the western boundary of the plat the one-eighth section line between the two government forties above mentioned. A few lots were thereafter sold according to this plat, and in May, 1900, Mrs. Sackett, acting through her husband as agent, negotiated a sale of the tract to the plaintiff, the agreement being to sell to the plaintiff for what the premises had cost her, namely, the price paid Prefontaine, together with subsequent expenses incurred, less the price of whatever lots had been sold. A land contract was entered into for the sale of the land described "as H. B. Sackett's Addition to North Fond du Lac, excepting [certain previously sold lots]." Later, on May 8, 1900, conveyance was made by warranty deed, the description adopted being, "The southeast quarter ($\frac{1}{4}$) of the southeast quarter ($\frac{1}{4}$) of section thirty-two (32), . . . except a triangular piece of land lying north and east of highway, containing thirty-nine and one half acres, more or less, it being the intention to convey all the land shown in plat H. B. Sackett's Addition to North Fond du Lac, except [specified lots]." On the occasion of each of these conveyances possession was immediately transferred of the entire premises inclosed by the fence. About a year thereafter the plaintiff, upon attempting to grade streets

under the plat, discovered the discrepancy between the westerly line of the plat and the fence bounding the farm on the west and inquired of Dr. Sackett with reference thereto, who professed ignorance on the subject, saying that he supposed the surveyors had platted the entire tract. He, however, consulted with the appellant, *Meiklejohn,* who employed counsel to search the title, and who discovered that the farm purchased and owned by Prefontaine was not bounded on the west by the one-eighth section line, but by a line approximately as marked by the fence. He therefore, with full knowledge of the claims of the plaintiff, induced Prefontaine and wife to execute a quitclaim deed to Brennan and Mrs. Sackett of this 109 feet, representing to him that Mrs. Sackett, having bought the land from him (Prefontaine), and sold it to the plaintiff, had got to make the title good. Prefontaine's deed was executed without any new or additional consideration, but in recognition of the fact that his former conveyance was intended to carry all land westward to the fence. Thereupon *Meiklejohn* purchased the tract by quitclaim deeds from Mrs. Sackett and Brennan, being notified by the former that he must take it at his peril as to any rights of the plaintiff. The plaintiff thereupon brought this action, seeking reformation of the deeds from Prefontaine and Brennan to Sackett and from Sackett to itself, alleging them all to have been made upon the mutual mistake that the description adopted in the conveyances properly described the land inclosed within the fences; also praying that the conveyances from Brennan and Sackett to *Meiklejohn* be declared null and void, or he be declared a trustee, and required to convey to the plaintiff; also asking for general relief. The court found the fact of mutual mistake in all these conveyances, and that all parties at all times intended to convey the defined and designated tract of land, and adopted the description contained in the deeds upon the mutually mistaken supposition that thereby was correctly described that tract; also

that *Meiklejohn,* while guilty of no fraud, was not an inno-
cent purchaser, but took with full notice, as also did Brennan
at the time of the execution of the quitclaim deed from Pre-
fontaine. It was also found that upon the commencement of
this action Sackett had tendered back to *Meiklejohn* the con-
sideration paid by him to her for the strip and demanded a
cancellation of her deed. Pending the action both *Sackett*
and Brennan executed to the plaintiff quitclaim deeds of the
disputed strip. The court, upon this finding, entered judg-
ment that the deeds from Sackett and Brennan to *Meiklejohn*
are, and from their date have been, void and of no effect, as
conveyances of the land involved, and that the plaintiff's title
be confirmed and quieted as against all parties to this action.
From this judgment the defendant *Meiklejohn* appeals.

For the appellant there was a brief by *Williams, Griswold
& Chadbourne,* and oral argument by *W. E. Griswold* and
*F. W. Chadbourne.*

For the respondent there was a brief by *Giffin & Suther-
land,* and oral argument by *D. D. Sutherland.*

Dodge, J. The most vital facts, as found by the court, are
that both parties, in making the conveyance beween them,
mistakenly supposed that the surveyors had included in the
plat of Sackett's addition all the ascertained and fenced
tract of land, comprising thirty-nine and one half acres, pur-
chased by Mrs. Sackett from Prefontaine, and upon that
supposition treated, contracted, and finally made and re-
ceived conveyance; that they both understood and supposed
the description used in the deed correctly defined that par-
ticular body of land so fenced, and intended that the same
should be thereby conveyed. After a careful examination of
the evidence, we have no doubt that such findings are fully
supported by it, notwithstanding the repeated assertion of
Dr. Sackett that he only intended to sell what was in the plat.
There are numerous circumstances, as well as his own state-

ments on cross-examination, which make plain that such as-
sertions were made by him only in such sense as to make them
entirely consistent with an intent to convey the whole tract.
No good purpose can be served by a discussion of the evi-
dence in detail, nor would such course be proper, inasmuch as
the duty is not on us to consider it from an original point of
view, but merely to ascertain whether the trial court's finding
is so grossly in outrage of a clear preponderance, on any
reasonable theory of the credence or weight to be given the
testimony of any witness or other evidence, that we can ac-
count for it only on the theory of mistake, or some misappli-
cation of rules of law.

The mutual mistake thus found to have existed, and to
have been responsible for the fact that plaintiff failed to
obtain title to this disputed strip of land for which it has
paid the consideration to the owner, is, of course, a sufficient
ground to warrant a court of equity to consider as done that
which ought to have been done, and to so far correct and re-
form the writing and records as to make them truly evidence
the actual transaction. This, we are satisfied, the decree does
effectively. The conveyances now of record from Prefon-
taine, Brennan, and Mr. and Mrs. Sackett make complete
chain of title to plaintiff of the disputed strip but for the
ostensible title vested in appellant, *Meiklejohn,* by quit-
claims to him. He is found to have taken these with full
notice of plaintiff's rights and equities, of which, indeed, he
was chargeable by reason of its possession. He therefore
could have taken no superior rights against it. Hence the
complete cancellation of any claim or right in him is proper.

Some attempt is made to invoke the rule that equity will
only aid the vigilant, and to found its application on the
claim that the plaintiff, if vigilant, would have discovered
that the surveyor's stakes set when Sackett's addition was
platted did not correspond with the fenced boundaries of the
tract supposed to be included therein. Examination of the

evidence, however, discloses, by very obvious preponderance that such fact was not apparent upon any reasonable or ordinary inspection of the premises.

*By the Court.*—Judgment affirmed.